## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ANTHONY D. PETTEGROW and | ) | Chapter 11 |
| JOSETTE G. PETTEGROW | ) | Case No.: 25-10186 |
| Debtors. | ) | |

### OBJECTION TO APPLICATION OF THE DEBTORS FOR ORDER AUTHORIZING EMPLOYMENT OF CRESWELL LAW AS SPECIAL LITIGATION COUNSEL TO THE DEBTORS PURSUANT TO SECTION 327(e) OF THE BANKRUPTCY [CODE], EFFECTIVE AS OF OCTOBER 1, 2025

NOW COMES Lobster 207, LLC ("L207") and objects to the *Application of the Debtors for Order Authorizing Employment of Creswell Law As Special Litigation Counsel To the Debtors Pursuant to Section 327(e) of the Bankruptcy [Code], Effective as of October 1, 2025* (the "Special Counsel Application") [D.E. # 35]. As the Special Counsel Application notes, there are four requirement for special counsel approval: (1) the attorney is employed for a specific purpose, other than to represent the debtor in conducting the case; (2) the attorney has represented the debtor in the past; (3) the representation is in the best interests of the estate; and (4) the attorney does not represent or hold an interest adverse to the debtor or the debtor's estate. Special Counsel Application, ¶ 23 (citing 11 U.S.C. § 327(e)).

The relief requested by the Debtors should be denied because the "specific purpose" alleged – serving as "special litigation counsel in any contested matter or adversary proceeding directly adverse to L207" (*id.*, ¶ 22) – is in reality "conducting the case" on behalf of the Debtor. Bernstein Shur, the Debtors' primary bankruptcy counsel, is more than able to represent the Debtors in all aspects of their case, including any components directly adverse to L207 (which are essentially all aspects of the case).

As is set forth in L207's *Motion to Dismiss Case Pursuant to 11 U.S.C. § 1112(b)* (the "1112 Motion"), this is clearly a two-party dispute between L207 and the Debtors. To date, there has been no suggestion that any party-in-interest other than L207 will be taking an active (or any role) in this case. As such, it appears extremely likely that each and every adversary proceeding and contested

1

matter in this case will both involve L207 and L207 will likely be "directly adverse" to the Debtors in the same.

Creswell Law's long history with the Debtors and its familiarity with the District Court litigation preceding this chapter 11 is not a reason to have it serve as special litigation counsel given that, by Creswell Law's own admission (Special Counsel Application, ¶ 13-16), L207's claim is almost entirely[1] quantified, undisputed and settled, as evidenced by the Consent Judgment. By filing writs of execution after the consent judgment entered, L207 became a secured creditor. The back story no longer matters for purposes of administration of the bankruptcy case, a potential plan[2], and the pending adversary proceeding seeking avoid those writs.[3] Bernstein Shur is perfectly qualified to address <u>all</u> of those issues, which fall squarely in the "representing the debtor in conducting the case" bucket. As such, the Special Counsel Application does not meet the requirements section 327(e) and must be denied.

<u>**Responses Required by D.Me. LBR 9013-1(c)(2)**</u>

5-19.   Admitted.

<u>**Conclusion**</u>

WHEREFORE, Lobster 207 LLC respectfully requests that the Court enter an order:

1.   Denying the relief requested in the Special Counsel Application; and

---

[1]      Issues of collections costs remain to be resolved, but those costs will be *de minimis* in comparison to the face amount of the Consent Judgment.

[2]      L207 notes that in the Debtors' objection to the 1112(b) Motion, Attorney Creswell spends a significant amount of time discussing the general parameters of the Debtors' Chapter 11 case, as well as opining on what a plan of reorganization will look like. This is clearly "conducting the case", role that cannot be overseen by special counsel. *E.g., In re Camann*, No. 00-11090-JMD, 2000 WL 33679428, at *6 (Bankr. D.N.H. May 2, 2000) ("The 'specified special purpose' to be served by counsel appointed under section 327(e) must not be related to the Debtor's reorganization since this is tantamount to representing the Debtor in the conduct of the case.")

[3]      Defense of the pending 1112 Motion is also not an appropriate task for special counsel under section 327(e): "In his Motion/Application, Trustee asks the Court to 'clarify' the Employment Order allows Allen Vellone to represent Trustee on the Motion to Dismiss. The Court cannot so find. <u>The Employment Order makes clear Allen Vellone's employment was approved under § 327(e), under which employment is limited to "a specified special purpose, other than to represent the trustee in conducting the case." Allen Vellone may not represent Trustee in conducting the case, including responding to the Motion to Dismiss [for cause pursuant to 11 U.S.C. § 707(a)], under the Employment Order or § 327(e)."</u> *In re iBridge Cloud Solution, Inc.*, 2025 WL 2924353 at *1 (Oct. 14, 2025, Bankr. D. Colo.) (emphasis added).

2.   Granting such other relief as the Court deems appropriate.


Dated: November 6, 2025                 By: /s/ David C. Johnson
                                        David C. Johnson, Esq.

                                        Attorney for Lobster 207, LLC

                                        MARCUS|CLEGG
                                        16 Middle Street, Suite 501
                                        Portland, ME  04101
                                        (207) 828-8000
                                        bankruptcy@marcusclegg.com

## CERTIFICATE OF SERVICE

I, David C. Johnson, hereby certify that I am over eighteen years old and caused a true and correct copy of the foregoing document upon all parties requesting service of pleadings in this case on the Court's CM/ECF facility, on the 6th day of November, 2025.

/s/ David C. Johnson
David C. Johnson